

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 6 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| SUNSET MANAGEMENT, LLC, | § | |
| derivatively on behalf of | § | |
| TRANSCONTINENTAL REALTY | § | |
| INVESTORS, INC., | § | CIVIL ACTION NO. |
| | § | |
| Plaintiff, | § | 3:04-CV-2162-K |
| | § | |
| V. | § | |
| | § | |
| AMERICAN REALTY INVESTORS, | § | |
| INC., et al., | | |
| | | |
| Defendants. | | |

## MEMORANDUM OPINION and ORDER

Came on for consideration Defendant American Realty Investors, Inc., et al.'s, ("Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12 and 23.1.

### I.    Background

On September 17, 2001, American Realty Trust, Inc. ("ART"), EQK Holdings, Inc. ("EQK"), Basic Capital Management, Inc. ("BCM"), and ART Williamsburg, Inc. ("AWI") (collectively the "Borrowers") borrowed $30 million ("the Loan") from Sunset Management, LLC ("Plaintiff"). The loan was guaranteed by American Realty Investors, Inc. ("ARI"), Triad Realty Services, Ltd., Regis Realty, Inc., and Syntek West, Inc.

(collectively the "Guarantors").   The Borrowers and Guarantors collectively pledged 3,672,305 shares of their Transcontinental Realty Investors, Inc. ("TCI") stock as collateral for the Loan.  Sunset is currently involved in several different lawsuits with its borrowers over the Loan.   Sunset now brings this shareholder derivative suit as a representative shareholder allegedly concerned about threatened loss of value in TCI's stock.

II.     **Motion to Dismiss Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  However, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle it to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).   In determining whether dismissal should be granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).   However, the plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott*

- 2 -

*v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

## III.  Analysis

Under Federal Rule of Civil Procedure 23.1, a "derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." FED. R. CIV. P. 23.1.

The Court finds that Sunset has not met the fair and adequate representation test of Rule 23.1  Sunset is not a proper shareholder representative because it is pursuing separate direct litigation claims against TCI and various other defendants in several different lawsuits where it seeks to recover amounts owed under the Sunset loan. "A plaintiff in a shareholder derivative action owes the corporation his undivided loyalty. The plaintiff must not have ulterior motives and must not be pursuing an external personal agenda." *Smith v. Ayres*, 977 F.2d 946, 949 (5th Cir. 1992).  Sunset only owns ten shares of TCI stock, purchased after the loan went into default. Sunset has an equitable interest in the stock collateral securing the Loan and prior to filing this action has brought several other lawsuits that are still pending against the Defendants to recover this interest.  Because of this personal agenda, the Court finds that the Plaintiff does not adequately represent the other shareholders.

Further, as the Fifth Circuit stated in *Blum*, the trial court should beware allowing a derivative suit to proceed where the "representative could conceivably use the

derivative action as 'leverage' in other litigation...." *Smith*, 977 F.2d at 949 (quoting *Blum v. Morgan Guaranty Trust Co.*, 539 F.2d 1388, 1390 (5th Cir. 1976)). Sunset is clearly trying to use this lawsuit to obtain leverage in its other pending lawsuits against the Defendants.

## IV.   Conclusion

Because Sunset has not met the requirement of fair and adequate representation set out in Rule 23.1 of the Federal Rules of Civil Procedure, the Defendants' motion to dismiss is hereby **GRANTED**.

**SO ORDERED**.

May 1⬚, 2005.

ED KINKEADE
UNITED STATES DISTRICT JUDGE

- 4 -